Brackett *v.* Drew.

## BRACKETT *v.* DREW.

A married woman, entitled to her earnings under the statute of December 24, 1840, when sued upon an account that accrued partly before and partly since the statute, is entitled to be credited for such items proved by her as were in the nature of her earnings accruing since the statute ; but payments made by her follow the general rules concerning the appropriation of payments not specially appropriated when made.

As incident to her right of acquiring property for her own use, she is capable of contracting debts in her own name by force of that statute, and is liable to be sued for them.

ASSUMPSIT against the defendant as a *feme sole*.

The writ was dated February 16, 1843. It was referred to an auditor, who made a report in favor of the plaintiff for $24.82. He also reported " that it appeared, from the testimony of the defendant, that she has a husband living in the State of Illinois, who left her fourteen years ago, and who has not since been in the State of New-Hampshire, to her knowledge. Never has a year elapsed without receiving a letter from him, but she has received not much, or any support from him since he went away, and none for the last twelve years.. It was hard times here, and he went away to seek employment, and intended, if he succeeded in his business, to send for the defendant."

No other evidence in regard to the marriage of the defendant was offered at the trial.

At the trial before the jury the defendant moved for a nonsuit, upon the ground that this action could not, upon the foregoing evidence, be maintained against the defendant as a *feme sole;* but the court overruled the motion, and instructed the jury that the foregoing evidence was not sufficient in law to preclude the plaintiff from maintaining this action against the defendant as a *feme sole,* and the jury returned a verdict for the plaintiff for six dollars and fifty-nine cents.

The report of the auditor exhibited an account of items in favor of the plaintiff, amounting in all to $69.45, of which the sum of $9.96 accrued since December 24, 1840; and in favor of the defendant there appeared a gross amount of $44.63, but the items with their dates did not appear.

*Hackett* and *Emery,* for the defendant.

*Hatch,* for the plaintiff.

GILCHRIST, J.   This is an action against a woman whose husband is still living, but who has for twelve years been absent from her and from the State, and who has, during that time, made no provision for her support.

As to all the items of the account stated by the auditor that accrued before the 24th day of December, 1840, it is clear that this action does not lie, the common law not recognizing in a married woman in general the power and capacity to become, by any act of her own, a debtor or a creditor.

By the statute passed on that day, she became, under the circumstances of desertion adverted to, capable of acquiring property.   So far, then, as the items which were allowed to her credit since that time appear to be in the nature of her acquisitions or earnings, and do not appear

to have been intended by her as payments to be applied upon an antecedent indebtedness from her to the plaintiff, she is entitled to have them applied to the payment of the subsequent charges against her; and if they exceed the amount of such charges, the balance is a claim in her favor against the plaintiff. If, however, the items which make up the gross sum of $44.63 are in the nature of payments, to be applied generally to the extinction of an antecedent indebtedness; or if they or any of them are money paid over to the plaintiff without any direction of the defendant as to their appropriation, the general rule will prevail, which permits the party receiving the payment to appropriate it to such debt as he elects, or, in the absence of an express election, it will go to extinguish the earliest item due to him not over six years old.

The form in which the account is stated, therefore, renders it impossible to compute and ascertain the amount due, upon the principles laid down—the items allowed to the credit of the defendant not appearing with their proper dates.

The general instruction given by the court to the jury, that the action would lie, without the qualification restricting it to items of the account that have accrued since the time that the statute clothed her with the capacity to act as a *feme sole*, was, for the reasons that have been stated, erroneous; and the verdict must be set aside and a new trial granted, for the purpose of ascertaining the nature of the items, with their dates, and whether they were applicable as payments of the plaintiff's account, or otherwise.

*New trial granted.*